1
2
3
4
5
6
7                     UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9                          ----oo0oo----

10

11

12   JOHN JORDAN,
                                      NO. CIV. 2-05-0611 WBS DAD
13             Plaintiff,

14        v.

15   DEERE & COMPANY; THE SCOTT
     COMPANY; THE HOME DEPOT,
16   INC. and DOES 1-11,

17             Defendant(s).

18
                           ----oo0oo----
19

20            STATUS (PRETRIAL SCHEDULING) ORDER

21           After reviewing the parties' Joint Status Report, the

22   court hereby vacates the Status (Pretrial Scheduling) Conference

23   scheduled for July 5, 2005, and makes the following findings and

24   orders without needing to consult with the parties any further:

25        I.   SERVICE OF PROCESS

26           All named defendants have been served and no further

27   service is permitted without leave of court, good cause having

28   been shown under Fed. R. Civ. P. 16(b).

     ///

## II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity). Venue is undisputed and is hereby found to be proper.

## IV.   DISCOVERY

The parties have stipulated that each party will serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than June 28, 2005.

Plaintiff shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than November 1, 2005.

Defendant shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than November 15, 2005.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by March 31, 2006.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with

2

1  the local rules of this court and so that such motions may be

2  heard (and any resulting orders obeyed) not later than March 31,

3  2006.

4           V.   MOTION HEARING SCHEDULE

5           All motions, except motions for continuances,

6  temporary restraining orders or other emergency applications,

7  shall be filed on or before April 28, 2006.  All motions shall

8  be noticed for the next available hearing date.  Counsel are

9  cautioned to refer to the local rules regarding the requirements

10  for noticing and opposing such motions on the court's regularly

11  scheduled law and motion calendar.

12          VI.  FINAL PRETRIAL CONFERENCE

13          The Final Pretrial Conference is set for July 17, 2006

14  at 10:00 a.m.  The conference shall be attended by at least one

15  of the attorneys who will conduct the trial for each of the

16  parties and by any unrepresented parties.

17          Counsel for all parties are to be fully prepared for

18  trial at the time of the Pretrial Conference, with no matters

19  remaining to be accomplished except production of witnesses for

20  oral testimony.  Counsel shall file separate pretrial

21  statements, and are referred to Local Rules 16-281 and 16-282

22  relating to the contents of and time for filing those

23  statements.  In addition to those subjects listed in Local Rule

24  16-281(b), the parties are to provide the court with: (1) a

25  plain, concise statement which identifies every non-discovery

26  motion which has been made to the court, and its resolution; (2)

27  a list of the remaining claims as against each defendant; and

28  (3) the estimated number of trial days.

3

1    In providing the plain, concise statements of

2    undisputed facts and disputed factual issues contemplated by

3    Local Rule 16-281(b)(3)-(4), the parties shall emphasize the

4    claims that remain at issue, and any remaining affirmatively

5    pled defenses thereto.  If the case is to be tried to a jury,

6    the parties shall also prepare a succinct statement of the case,

7    which is appropriate for the court to read to the jury.

8    VII.  TRIAL SETTING

9    The trial is set for September 19, 2006 at 9:00 a.m.

10   in Courtroom No. 5.

11   VIII.  SETTLEMENT CONFERENCE

12   A Settlement Conference will be set at the time of the

13   Pretrial Conference.

14   Counsel are instructed to have a principal with full

15   settlement authority present at the Settlement Conference or to

16   be fully authorized to settle the matter on any terms.  At least

17   seven calendar days before the Settlement Conference counsel for

18   each party shall submit a confidential Settlement Conference

19   Statement for review by the settlement judge.  If the settlement

20   judge is not the trial judge, the Settlement Conference

21   Statements shall not be filed and will not otherwise be

22   disclosed to the trial judge.

23   IX.  MODIFICATIONS TO SCHEDULING ORDER

24   Any requests to modify the dates or terms of this

25   Scheduling Order, except requests to change the dates of the

26   Final Pretrial Conference or trial, may be heard and decided by

27   //

28   //

4

the assigned Magistrate Judge.  All requests to change the dates

of the Pretrial Conference and/or trial shall be heard and

decided only by the undersigned judge.

DATED:  June 22, 2005.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE