IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JORDAN,                          NO.  CIV.S-05-0611 WBS DAD

    Plaintiff,

  v.                                  ORDER

DEERE & COMPANY, et al.,

    Defendants.

_____/

    This matter came before the court on January 6, 2006, for hearing defendants' motion to compel.  Charles E. Noble appeared on behalf of plaintiff.  Rebekka Martorano appeared on behalf of defendants.  For the reasons explained below, the motion to compel will be granted.

    This products liability action arises from a February 3, 2003, accident in which plaintiff injured his finger while operating a lawn mower.  The complaint alleges that plaintiff has suffered wage loss, hospital and medical expenses, general damage and loss of earning capacity.  At his deposition on August 31, 2005, plaintiff

testified that he was absent from work during the week preceding the date of the accident due to an unspecified medical condition.  He further testified that while he missed work following the accident due to the finger injury, he was also unable to work during the same period due to other unspecified medical conditions.  (See Pl.'s Depo., Ex. F. to Exhibits to Joint Statement.)

In the instant motion defendants seek an order compelling plaintiff to (1) produce unredacted copies of medical records relating to the medical condition(s) that caused plaintiff to miss work from January 23 to 31, 2003, the week preceding the date of the accident; (2) produce unredacted copies of medical records relating to medical conditions that have caused plaintiff to miss work from February 3, 2003, to the present; and (3) answer questions at deposition relating to these, as yet, unspecified medical conditions. Plaintiff opposes the motion based on assertions of the physician-patient privilege as well as the constitutional right to privacy contained within Article I, section 1 of the California Constitution. There is no dispute as to whether the information sought by defendants falls within the purview of the privileges asserted by plaintiff.  Rather, the issue is the extent to which plaintiff has waived those privileges by bringing this lawsuit.

This action was removed from state court based on diversity jurisdiction.  Because this is a diversity case governed by California law, the court must also look to state law to decide claims of privilege.  See Fed. R. Evid. 501; In re California Pub. Utils. Comm'n, 892 F.2d 778, 781 (9th Cir. 1989).

With respect to plaintiff's assertion of the physician-patient privilege, California Evidence Code § 996 provides as follows:

> There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by:
>
> (a) The patient ....

Cal. Evid. Code § 996. Under this "patient-litigant exception":

> [D]isclosure can be compelled only with respect to those ... conditions the patient-litigant has "disclose(d) ... by bringing an action in which they are in issue;" communications which are not directly relevant to those specific conditions do not fall within the terms of [the] exception and therefore remain privileged. Disclosure cannot be compelled with respect to other aspects of the patient-litigant's [condition] even though they may, in some sense, be "relevant" to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific ... injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court.

In re Lifschutz, 2 Cal. 3d 415, 435, 85 Cal. Rptr. 829, 842 (1970)(citation and footnote omitted).[1] See also Britt v. Superior Court, 20 Cal. 3d 844, 864, 143 Cal. Rptr. 695, 708 (1978)("[W]hile [plaintiffs] may not withhold information which relates to any

---

[1] In re Lifschutz concerned the psychotherapist-patient privilege and the patient-litigant exception thereto. However, the patient-litigant exception to the physician-patient privilege "parallels the exception to the psychotherapist-patient privilege precisely." In re Lifschutz, 2 Cal. 3d at 433 n.15, 85 Cal. Rptr. at 840 n.15. Therefore, In re Lifschutz is instructive with respect to both the psychotherapist-patient and physician-patient privileges.

3

physical or mental condition which they have put in issue by bringing this lawsuit, they are entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment they may have undergone in the past."); Roberts v. Superior Court, 9 Cal. 3d 330, 339, 107 Cal. Rptr. 309, 314 (1973)("in a case such as this where there is no specific mental condition of the patient at issue, and discovery of the privileged communications is sought merely upon speculation that there may be a 'connection' between the patient's past psychiatric treatment and some 'mental component' of his present injury, those communications should remain protected by the privilege").  "[T]he burden rests upon the patient initially to submit some showing that a given confidential communication is not directly related to the issue he has tendered to the court." In re Lifschutz, 2 Cal. 3d at 436, 85 Cal. Rptr. at 843.

Similar standards apply with respect to the right of privacy under the California Constitution.[2]  When discovery otherwise protected by the right to privacy is "directly relevant to the plaintiff's claim, and disclosure of the [information] is essential to the fair resolution of the lawsuit, a trial court may properly compel such disclosure." Britt, 20 Cal. 3d at 859, 143 Cal. Rptr. at 775. See also Davis v. Superior Court, 7 Cal. App. 4th 1008, 1014, 9 Cal. Rptr. 2d 331, 335 (1992)(an implicit waiver of a party's constitutional right to privacy "encompasses only discovery *directly*

---

[2] "The patient-physician privilege and the right of privacy are closely related protections against public disclosure of private information." Binder v. Superior Court, 196 Cal. App. 3d 893, 899, 242 Cal. Rptr. 231, 234 (1987).

4

*relevant* to the plaintiff's claim and essential to the fair resolution of the lawsuit"). Nonetheless, even when discovery of private information is found directly relevant and essential to the fair resolution of the action, First Amendment principles "dictate that the compelled disclosure be narrowly drawn to assure maximum protection of the constitutional interests at stake." Britt, 20 Cal. 3d at 859, 143 Cal. Rptr. at 775. "The proponent of discovery of constitutionally protected material has the burden of making a threshold showing that the evidence sought is 'directly relevant' to the claim or defense." Harris v. Superior Court, 3 Cal. App. 4th 661, 665, 4 Cal. Rptr. 2d 564, 567 (1992)(citing Britt, 20 Cal. 3d at 859-862, 143 Cal. Rptr. at 704-06.)

      Here, the medical records and deposition testimony sought by defendants is clearly directly relevant to the issues tendered by plaintiff and essential to a fair resolution of this matter. More specifically, in this lawsuit plaintiff claims that he missed work because of the finger injury suffered in the accident. Further, plaintiff concedes that he missed a week of work immediately preceding the date of the accident due to some unspecified medical condition. He also concedes that medical conditions in addition to that related to his finger caused him to miss work during the period he claims to have missed work as a result of the finger injury. Information related to these conditions is clearly directly relevant as to why plaintiff was absent from work during certain periods following the date of the accident at issue in this action. Defendants cannot be forced to simply accept plaintiff's assertion

5

1  that he missed work on any given day due to his finger injury, as
2  opposed to the condition plaintiff was suffering just days before the
3  accident or during the period following it.  Rather, defendants are
4  entitled to discover the cause, or causes, of plaintiff's claimed
5  absences of work.  See Britt, 20 Cal. 3d at 864 n. 9, 143 Cal. Rptr.
6  at 708 n.9 ("insofar as a number of injuries or illnesses, some
7  related and some unrelated to the airport operations, have
8  contributed to a medical condition placed in issue by a plaintiff,
9  defendant is entitled to obtain information as to all such injuries
10 or illnesses"]; Palay v. Superior Court, 18 Cal. App. 4th 919, 933,
11 22 Cal. Rptr. 2d 839, 848 (finding a mother's medical records related
12 to prenatal care subject to production to allow a determination of
13 the "cause of Child's medical condition and claimed neurological
14 deficit, and any impact the prenatal period had on the alleged
15 injuries").  For these reasons, the court finds that the medical
16 information sought by defendants is directly relevant to the issues
17 plaintiff has chosen to litigate and essential to the fair resolution
18 of those issues.

19         The court also finds that the discovery sought is
20 sufficiently narrow in scope to assure maximum protection of the
21 constitutional interests at stake.  Only a handful of medical records
22 are at issue and those records concern only the period immediately
23 preceding the date of the accident to the present (i.e.,
24 approximately three years later).  The parties also remain free to
25 submit a stipulated protective order to the court which would limit
26 /////

1  the use of the discovered information to this action only.  Such an
2  order would further safeguard the privacy of plaintiff.
3            Accordingly, IT IS HEREBY ORDERED that:
4            1.  Defendants' motion to compel is granted;
5            2.  Plaintiff shall produce to defendants unredacted copies
6  of the medical records at issue within ten (10) days of the date of
7  this order; and
8            3.  Plaintiff shall make himself available for further
9  deposition to answer reasonable follow-up questions regarding the
10 records to be produced.  Such further deposition shall occur on a
11 date agreed upon by the parties and not exceed four (4) hours in
12 length, excluding appropriate breaks.
13 DATED: January 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

18 DAD:th
   Ddad1\orders.civil\jordan0611.oah